## Lynn Engineering & Manufacturing Co., Inc. v. Achey (No. 2)

*Charles A. Achey, Jr., R. S. Trigg* and *Allen H. Krause*, for plaintiff.

*David J. Brightbill*, of *Lewis, Brubaker, Christianson & Brightbill,* for defendants.

WALTER, *J.*, January 30, 1976—Plaintiff filed suit in assumpsit, alleging defendants' failure to fulfill their obligations under a certain written contract. Following protracted skirmishing by the parties in the fields of judgment, pleading, and appeal, defendants deposed Lynn H. Gillespie who was president of plaintiff at the time he signed the contract for LEMCO, an acronym of plaintiff's corporate name. Thereafter, defendants personally served notice of taking depositions on four individuals, including Mr. Gillespie again. The date of depositions was set for September 29, 1975; the place, in the law offices of defendants' legal counsel.

Plaintiff entered objections to the two notices (Mr. Gillespie was "noticed" individually) and

asked for protective orders as to each. The orders are denied.

The issues raised by plaintiff are these: the place for depositions—Lancaster County vis-a-vis Lebanon County; the date for depositions as bearing on the availability of legal counsel; the nature of the proposed testimony; and whether or not, under the circumstances, redeposing Mr. Gillespie constitutes harassment.

Plaintiff contends the "real question" relating to "place" is not whether it may be in the law office of defendants' legal counsel, but whether it should be in Lebanon County at all. Both plaintiff and defendants could have conserved time and research energy by consulting the local rules. Lebanon Co. C.C.P.R. No. 4007(b) states:

"The place for the taking of the testimony of any person including a party, for the purpose of discovery by deposition upon oral examination, pertaining to any action or proceeding instituted or pending in any court of Lebanon County, *shall be the Municipal Building, 400 South Eighth Street, Lebanon, Pennsylvania,* unless the court in which said action or proceeding has been instituted directs otherwise, or unless all the persons to be deposed and all the attorneys representing any parties to said action or proceeding and all parties to said action or proceeding who are not represented by counsel agree otherwise." (Emphasis supplied.)

Thus, is the *place* for defendants' requested discovery depositions fairly established.

Next, plaintiff avers some perplexity regarding the date for depositions and his availability as communicated to defendants' counsel. Reference

again is made to our local rules: Lebanon Co. C.C.P.R. No. 4007(a):

"A period of at least twenty (20) days is hereby determined by the court to be the 'reasonable notice' required by Pa.R.C.P. 4007(c)."

Notice for taking depositions must, of necessity, contain, inter alia, a date for the taking. It often is a starting point for legal counsel to find a mutually convenient time. Counsel for the parties here are urged to do just that with all reasonable dispatch.

We come now to consider plaintiff's assertion defendants must state the nature of the proposed testimony which ultimately must be relevant to *the issues framed by the pleadings*. Two full pages of plaintiff's brief are devoted to argument on its position. Yet, nowhere in the rules of discovery is there to be found that requirement. Under Pa.R.C.P. 4007, relevancy is not decided alone by what is *pleaded in words*, else the scope allowed a party would be unduly restricted. And, if suit is started by summons, Pa.R.C.P. 4001, with a concomitant need for discovery prior to preparing a complaint, how then proceed given plaintiff's theory? This court does not construe the term "subject matter involved" so narrowly.

While the pertinent rules do not require proponent to issue a statement of subject matter, it is advisable to do so to establish a basis for the claimed relevance: 5 Anderson Pa. Civ. Prac. §4007.38. Had defendants done so, some anguish may have been spared. Notwithstanding, in view of their counterclaim it appears relevant to the court for defendants to determine the nature of plaintiff corporation. Surely, were the roles of the parties reversed, the relevance would appear ineluctably logical. That they are not, should not shade the

sense it makes. Nor does plaintiff cite any applicable limitation to the scope of defendants' depositions under Pa.R.C.P. 4011 for our consideration. Hence, defendants may proceed in their depositions of witnesses to develop this area of their concern.

In his oral argument, counsel for plaintiff alluded to a request made by defendants for the production by plaintiff of virtually all corporate records. After a thorough examination of the legal record, the court is unable to find any formal request for inspection of records by defendants as must necessarily flow from Pa.R.C.P. 4009. It is that rule, and that rule only, which provides for discovery of documents. Conversely, a party is not required to file a motion for the inspection of documents under Rule 4009 when his only intention is that the witness whose deposition is to be taken shall bring the documents with him so that the witness will have them available for his own use. In such case, it is sufficient for the proponent in giving the party to be examined a notice thereof to state that he shall bring with him all his documents and records relating to a given transaction or series of transactions with the moving party: 5 Anderson Pa. Civ. Prac. §4007.17. Defendants plainly have not done that.

Finally, plaintiff urges the redeposing of Mr. Gillespie is unwarranted and improper, and constitutes annoyance or harassment of him, since he is not a party. First of all, it matters not whether a proposed deponent is a party or simply a witness. If the court is persuaded there is good reason for a second deposition, it will not issue an order frustrating notice for it. Secondly, the court is not unaware that *all* deposition-taking creates annoyance of some degree or another to each party deposed.

By plaintiff's own admission, the earlier deposition of Mr. Gillespie is unclear and a bit confused in certain parts. What better way to rectify that situation and simultaneously develop information on the question of whether or not he is a party—a relevant matter—than to allow the second deposition of Mr. Gillespie? Those considerations must override whatever annoyance or harassment may obtain.

## ORDER

And now, January 30, 1976, the protective orders requested by plaintiff are denied. Defendants, for depositions heretofore requested, are to set a new date mutually agreeable to counsel and consistent with Lebanon Co. C.C.P.R. 4007.